OPINION
{¶ 1} Appellant appeals his sentence entered on March 2, 2005, in the Stark County Court of Common Pleas.
{¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On May 13, 2004, after having received a stolen vehicle report, Officer Mike Talkington located the missing vehicle in an apartment complex. When he approached the vehicle, Appellant jumped out of the vehicle and ran. A chase ensued, which lasted approximately two minutes, which ended with Officer Talkington and his canine partner apprehending Appellant. Appellant was then arrested.
{¶ 4} Upon processing the stolen vehicle, drops of blood were collected from the interior which were then analyzed. Appellant's DNA matched the blood samples retrieved from the vehicle.
{¶ 5} The owner of the vehicle did not know appellant and had never given him permission to drive the vehicle.
{¶ 6} On June 17, 2004, Appellant Raymond E. Staats was indicted on one count of Receiving Stolen Property, in violation of R.C. 2913.51(A), a felony of the fourth degree.
{¶ 7} On July 9, 2004, Appellant was arraigned and a entered a plea of not guilty.
{¶ 8} On February 7, 2005, this matter proceeded to jury trial.
{¶ 9} On February 8, 2005, the jury returned a verdict of guilty as charged in the indictment.
{¶ 10} A sentencing hearing was held wherein the State presented evidence of Appellant's extensive criminal history including previous prison terms. The trial court sentenced appellant to fifteen (15) months incarceration, court costs and restitution in the amount of $300.00.
{¶ 11} Appellant now appeals, assigning the following as error:
 ASSIGNMENT OF ERROR
{¶ 12} "I. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO A FIFTEEN MONTH TERM OF INCARCERATION AND WITHOUT SUFFICIENT EVIDENCE TO SUPPORT THE STATUTORY CRITERIA OR MAKE THE REQUISITE FINDINGS THAT WOULD SUPPORT THE SENTENCE."
 I.
{¶ 13} In the sole assignment of error, Appellant argues that the trial court erred in sentencing. We disagree.
{¶ 14} After the enactment of Senate Bill 2 in 1996, an appellate court's review of an appeal from a felony sentence was modified. Pursuant to present R.C. 2953.08(G)(2): "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for re-sentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion.
{¶ 15} The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
{¶ 16} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929 .20 of the Revised Code, whichever, if any, is relevant;
{¶ 17} "(b) That the sentence is otherwise contrary to law."
{¶ 18} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Ross v. Ledford (1954),161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
{¶ 19} When reviewing a sentence imposed by the trial court, the applicable record to be examined by the appellate court includes the following: (1) the pre-sentence investigation report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F)(1) through (3). The sentence imposed, by the trial court, should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender."
{¶ 20} R.C. § 2929.14(B) requires the sentencing court to consider the minimum prison term, if the offender was not in prison at the time of the offense, or has not previously served a prison term, unless the court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. § 2929.14(B) does not require the trial court to give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. State v. Carter, Coshocton App. No. 04CA8, 2004-Ohio-6365, ¶ 22, citing State v. Edmonson,86 Ohio St.3d 324, syllabus, 1999-Ohio-110.
{¶ 21} In the case sub judice, Appellant was found guilty of receiving stolen property which is a fourth degree felony. The sentencing range for a fourth degree felony is six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen or eighteen months. The trial court sentenced Appellant to fifteen months, more than the minimum.
{¶ 22} Appellant argues that the statutory minimum sentence would have been more appropriate in this case and therefore the trial court erred in imposing a sentence of fifteen months.
{¶ 23} Upon review, we find that the trial court made the following pertinent findings on the record at the sentencing hearing:
{¶ 24} ". . . the Court finds that recidivism is more likely in this case because of the Defendant's extensive history of criminal convictions . . . and because of the fact that the Defendant was on parole at the time this offense was committed.
{¶ 25} ". . . pursuant to Revised Code 2929.13(B), that you have served previous prison terms, you were on probation — or on parole at the time the offense was committed. The Court finds that you are not amenable to community control, that prison is consistent with the purposes of R.C. 2929.11. Even though the Court is not required to make this finding, the Court will indicate that the shortest prison term possible will demean the seriousness of the offense and not adequately protect the public, and therefore, the Court is going to impose a greater term. * * * (T. at 357-359).
{¶ 26} Accordingly, we find no reversible sentencing error under R.C.2929.14(B), as urged by appellant.
{¶ 27} Appellant's sole assignment of error is overruled.
{¶ 28} This cause is affirmed.
Boggins, P.J., Hoffman, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is affirmed. Costs assessed to appellant.